Spencer A.W. Stromberg, WSBA No. 23014
Fennemore Craig, P.C.
601 W. Riverside Ave., Suite 710
Spokane, WA 99201
Phone: (509) 455-3713
Fax: (509) 455-3718
Email: sstromberg@fennemorelaw.com

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In Re:<br><br>ALIA ZAIDI,<br><br>                Debtor. | Case No. 25-01998-FPC7<br><br>Chapter 7 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW the Secured Creditor, SNAP Financial Access, hereinafter referred to as the "Secured Creditor," by and through its attorneys of record, Spencer A. W. Stromberg, and hereby moves this Court, pursuant to Bankruptcy Rules 4001 and 9014, and 11 U.S.C. §362(d)(1) and (2), for relief from the automatic stay as it affects certain real property below described.

Secured Creditor further moves this Court, pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, to make its order for stay relief effective immediately upon entry. Secured Creditor further moves this Court for an Order that any finding or order rendered on this Motion be binding in any bankruptcy proceeding to which this proceeding may be converted.

The grounds for this Motion are as follows:

MOTION FOR RELIEF FROM THE AUTOMATIC STAY– Page 1

## I.     <u>INTRODUCTION</u>

This is a single-creditor Chapter 13 case filed after the Debtor received a Chapter 7 discharge of Secured Creditor's loan. The Debtor has no personal liability on the debt, no discharge available in this case, has failed to make post-petition payments, and has proposed a plan based on materially understated debt and arrearage figures. The automatic stay serves no legitimate bankruptcy purpose and should be terminated.

## II.     <u>FACTS</u>

1.     Secured Creditor holds a promissory note dated May 27, 2021, from Debtor herein, for payment of the principal sum of $250,000.00, plus interest ("Note").  A copy of said promissory note is attached hereto as Exhibit A. The maturity date of the Note is June 5, 2051. Said promissory note is secured by a first priority deed of trust ("Deed of Trust"), in which the Secured Creditor holds the beneficial interest, on certain real property (the "Property") described as follows:

> *Legal Description:*
> THE SOUTH 89 FEET OF LOT 12 AND THE SOUTH 89 FEET OF THE EAST 30 FEET OF LOT 11, BLOCK 11 UNIVERSITY PLACE, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME "Q" OF PLATS, PAGE 19, RECORDS OF SPOKANE COUNTY: SITUATE IN THE CITY OF SPOKANE VALLEY, COUNTY OF SPOKANE, STATE OF WASHINGTON.
>
> Parcel No. 45204.1222
>
> *Commonly Known Address:*
> 10623 East 10th Ave. Spokane Valley, WA 99206

A copy of said deed of trust is attached hereto as Exhibit B.

2.     Debtor is in default under the terms of the Note, having failed to pay the following amounts which are now in arrears:

25-01998-FPC13   Doc 42   Filed 01/12/26   Entered 01/12/26 15:28:21   Pg 2 of 6

a.      Monthly payments of principal and interest from December 5, 2023 through January 5, 2026, in the total amount of $43,340.44;

b.      Late fees for the payments due December 5, 2023 through January 5, 2026, in the amount totaling $2,634.46;

c.      Failure to pay Tax and Insurance Reserves in the total amount of $9,348.50.

3.      The sum owing on the obligation secured by the Deed of Trust is: Principal of $249,444.54, together with interest as provided in the Note or other instrument secured from May 27, 2021, and such other costs and fees, including attorney's fees, as are due under the Note. The total owing through January 5, 2026 is $321,121.25,[1] which sum continues to increase due to accrual of interest, late fees, and attorneys' fees.

4.      Debtor's amended schedules list the value of the Property at $305,000.00. (Docket No. 19). This value may be overstated, as the Spokane County Assessor has appraised the Property at $267,000.00 for property tax purposes for 2026.[2]

5.      Debtor previously filed a Chapter 7 bankruptcy proceeding on April 23, 2025 in the Eastern District of Washington, which was discharged on August 6, 2025. During this prior bankruptcy, there was no reaffirmation by the Debtor of Secured Creditor's debt.

6.      Debtor filed the current bankruptcy proceeding on November 14, 2025, just prior to a Trustee's Sale to foreclose on the Property scheduled to occur at 10:00 a.m. that same day.

---

1 This sum only includes Secured Creditor's attorney's fees and costs through November 30, 2025.
2 Attached hereto as **Exhibit C** is a true and correct copy of the Spokane County Assessor's online property tax record for the subject property, Spokane County Tax Parcel 45204.1222, found at the following web address https://cp.spokanecounty.org/SCOUT/propertyinformation/Summary.aspx on January 9, 2026, showing an assessed value of $267,000 for the subject property.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY– Page 3

7.     Debtor has also filed a Chapter 13 Plan (*See* Docket No. 22), a Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (*See* Docket No. 21), and Amended Schedules (*See* Docket No. 19), among other filings.

8.     Debtor's plan understates arrearages, listing $52,186, when the actual arrearage including Secured Lender's attorneys' fees and costs is $78,246.08[3]  and increasing due to interest, fees, and costs (the arrearage was $75,982.97 at the time Debtor's plan was filed).

9.     Since filing this case, the Debtor has missed two post-petition payments, despite having income during those months that is materially the same as the income projected to support the plan going forward.

10.     The Debtor cannot receive a discharge in this Chapter 13 case under 11 U.S.C. § 1328(f).

These facts are supported by the Declaration of Amber Johnon, filed concurrently.

### III.     <u>RELIEF FROM STAY IS WARRANTED</u>

**A.     Relief Is Appropriate Under § 362(d)(1) for "Cause"**

Cause exists under § 362(d)(1) based on multiple independent grounds.

**Failure to Make Post-Petition Payments.** The Debtor has failed to make required post-petition payments while protected by the automatic stay. Failure to make ongoing payments constitutes lack of adequate protection and establishes cause for relief from stay.

**Bad Faith Filing / Two-Party Case.** This is a two-party dispute. Secured Creditor is the only creditor listed in Debtor's schedules and the Plan, and the debt was

---

[3] This sum only includes Secured Creditor's attorney's fees and costs through November 30, 2025.

previously discharged in Chapter 7. The Chapter 13 filing serves no reorganizational purpose and operates solely to delay foreclosure. These circumstances support a finding of cause under § 362(d)(1).

**Inaccurate Schedules and Plan Treatment.** The Debtor has materially understated both the total debt and the arrearage in the schedules and plan. A plan built on incorrect figures cannot provide adequate protection and further supports relief from stay.

**B.    Stay Relief Is Also Mandated Under § 362(d)(2)—No Equity and No Reorganization Feasible**

Relief from stay is also required under § 362(d)(2).

**No Equity.** Even using the Debtor's scheduled value of $305,000, there is no equity when compared to the correct secured debt of $318,412.46. Using the County Assessor's valuation of $267,000, the lack of equity is even more pronounced.

**Not Necessary to an Effective Reorganization.** There is no effective reorganization in prospect. The Debtor has no personal liability, no discharge available, no other creditors to reorganize, and has already defaulted post-petition despite stable income. The Property is not necessary to any feasible reorganization..

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Secured Creditor respectfully requests that the Court:

1.    Grant relief from stay under 11 U.S.C. § 362(d)(1) and (2) to allow Secured Creditor to exercise its state-law remedies with respect to the Property;

2.    Enter an order for stay relief effective immediately upon entry pursuant to Rule 4001(a)(3) and bind all findings and orders rendered on this Motion to any bankruptcy proceeding to which this proceeding may be converted; and,

3.     Award such other relief as is just and proper.

DATED: January 12, 2026.

FENNEMORE CRAIG, P.C.

By: */s/Spencer A. W. Stromberg*
      Spencer A. W. Stromberg, WSBA #23014
      Attorney for SNAP Financial Access